IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| (1) **EXPRESS SERVICES INC.**, a Colorado Corporation,<br><br>**Plaintiff,**<br><br>vs.<br><br>(1) **GRW TECHNOLOGIES, INC.**, a Virginia Corporation; and<br>(2) **IWIS MECHATRONICS, INC.**, a Virginia Corporation;<br><br>**Defendants.** | CASE NO. **1:25-cv-01306**<br><br>**JURY TRIAL DEMANDED**<br>**ATTORNEY LIEN CLAIMED** |

Russell C. Lissuzzo, III, OBA No. 33221
To be admitted *pro hac vice*
Russell C. Lissuzzo, III, PLLC
629 W. Main Street
Oklahoma City, OK 73102
405.226.5103
russell@lissuzzolaw.com

Anne W. Mabbitt, (P71508)
MABBITT BHIMANI LAW
*Local Counsel for Plaintiff*
2851 Charlevoix Dr. SE, Ste.301
Grand Rapids, MI 49546
616-290-1200

## COMPLAINT

Plaintiff, Express Services Inc., a Colorado Corporation ("Express"), by and through its attorneys of record, hereby files its Complaint against Defendants GRW Technologies, Inc., and IWIS Mechatronics, Inc. (collectively, "Defendants"), and in support thereof respectfully shows:

### PARTIES, JURISDICTION, AND VENUE

1. Express is a Colorado Corporation with its principal place of business located in Oklahoma City, Oklahoma County, Oklahoma. Express is a temporary staffing agency that hires

employees and places those employees (Express' "associates") with Express' clients to perform services on behalf of Express' clients, and those associates are subject to the client's control, supervision, and direction at all relevant times during their placement.

2. GRW Technologies, Inc., is a Virginia profit corporation with its principal place of business located at 4460 44th Street SE, Ste. B, Grand Rapids, Michigan 49512. GRW Technologies, Inc., may be served with process to its Registered Agent, Tim Kauffman, at its Registered Office Street Address located at 4460 44th Street SE, Ste. B, Grand Rapids, Michigan 49512.

3. IWIS Mechatronics, Inc., is a Virginia for profit corporation with its principal place of business located at 4460 44th Street SE, Ste. B, Grand Rapids, Michigan 49512. IWIS Mechatronics, Inc., may be served with process to its Registered Agent, Tim Kauffman, at its Registered Office Street Address located at 4460 44th Street SE, Ste. B, Grand Rapids, Michigan 49512.

4. Prior to, and again on October 29, 2019, Defendants entered into an agreement with Express ("Agreement") that is the subject of this litigation, outlining the terms and conditions under which Express would hire and place Express' associates with Defendants.

5. This is an action by Express for breach of contract and indemnity.

6. The amount in controversy is more than $75,000.00, not counting interest and costs of Court.

7. This Court has diversity jurisdiction over this action in that Express and each of the named Defendants are all citizens of different states in accordance with 28 U.S.C. § 1332.

8. Venue is proper because the facts and circumstances that give rise to this litigation arose in Grand Rapids, Kent County, Michigan.

## THE AGREEMENT

9. The Agreement provides that Express "hire[s] associates as Express employees, and provide[s] all wages, taxes, withholding, workers' compensation, and unemployment insurance," "recruit[s] and assign[s] associates to [Defendants] to perform the job duties [Defendants] specify," and that "[Defendants] agree not to change the specified duties or the assigned workplace of the associate."

10. Pursuant to the Agreement, "[Defendants] agree[d] to provide [Express'] associates with a safe, suitable workplace and equipment, provide all legally-mandated meal and rest breaks, and to comply with all applicable federal, state and local employment laws including workplace-specific safety and health training that adequately addresses the potential hazards at [Defendants'] worksite."

11. The Agreement also provides that Defendants "agree to defend, indemnify, and hold Express harmless from any loss, cost, claim, or damage . . . for any Loss resulting from [Defendants'] non-compliance with all current and future applicable federal, state, and local laws and regulations."

12. Furthermore, the Agreement provides that "[d]uring an assignment, if [Express'] associate operates a motor vehicle, forklift, or other motorized equipment . . . [Defendants] agree to indemnify and hold [Express] harmless for bodily injury, property damage, fire, theft, collision, public liability claims, or other Loss, regardless of fault."

13. And finally, the Agreement provides that:

> "[Defendants'] will supervise, direct, and control the work performed by Express associates and assume responsibility for all work product and operational results, including personal injury to a third party or your agents or employees, losses, or damage to property or data in the care, custody, or control of an Express associate. [Defendants'] agree to defend, indemnify, and hold

[Express] harmless from any Loss, including costs and attorney fees… that may be caused by a breach of this agreement and/or by your negligence or misconduct, and agree on behalf of all of [Defendants'] insurer(s) to waive all rights of recovery (subrogation) against [Express]."

## THE INCIDENT

14. On or about October 29, 2019, James Alexander ("Mr. Alexander") was involved in an incident at Defendants' property.  Specifically, Mr. Alexander suffered injuries as a result of Mr. Alexander's operation and use of a of a Hilo Forklift ("Hilo") provided to Mr. Alexander by Defendants while Mr. Alexander was at the premises owned and/or operated by the Defendants and performing services on behalf of Defendants ("Incident").

15. At the time of Incident, Mr. Alexander was employed by Express as an Express associate and placed with Defendants as a general laborer.

16. At the time of the Incident, Mr. Alexander was subject to Defendants' control, supervision, and direction.

17. As a result of the Incident, Mr. Alexander sustained significant injuries which required Express to pay Workers' Compensation benefits to Mr. Alexander for injuries caused by the Incident and to incur other expenses in connection therewith.

18. Express has paid approximately $389,816.60 to Mr. Alexander in Workers' Compensation benefits as a result of the Incident, Defendant's wrongful conduct, and Mr. Alexander's use of the Hilo.

## FIRST CAUSE OF ACTION - Breach of Agreement

19. Express incorporates each of the above allegations contained in its Complaint herein.

20. Express and Defendants entered into the Agreement.

21. Under the Agreement, Defendants are required to indemnify and hold Express harmless for damages sustained as a result of Defendants "non-compliance with applicable laws and regulations," "for bodily injury, property damage, fire, theft, collision, public liability claims, or other Losses, regardless of fault," as a result of Express' associate operating a forklift while placed with Defendants, and "from any claims or damages that may be caused by [Defendants'] negligence or misconduct."

22. Express was required to pay $389,816.60 as a result of the Incident, Defendants' negligence, and Mr. Alexander's operation of the Hilo.

23. Defendants have failed to remit payment to Express for the damages incurred by Express as a result of the Incident, as required by the Agreement.

24. Express has been damaged in the amount of, at a minimum, $389,816.60 as a result of the Defendants' breach of the Agreement, including, but not limited to, costs incurred and other relief that is appropriate under the circumstances.

## SECOND CAUSE OF ACTION – Indemnity

25. Express incorporates each of the above allegations contained in its Complaint herein.

26. Express and Defendants entered into the Agreement.

27. Under the Agreement, Defendants are required to indemnify and hold Express harmless for damages sustained as a result of Defendants "non-compliance with applicable laws and regulations," "for bodily injury, property damage, collision, or public liability claims, regardless of fault," as a result of Express' associate driving a motor vehicle while placed with Defendants, and "from any claims or damages that may be caused by your negligence or misconduct."

28. Express was required to pay $389,816.60 as a result of the Incident, Defendants' negligence, and Mr. Alexander's operation of the Hilo.

29. Defendants have failed to indemnify and/or reimburse Express for the damages incurred as a result of the Incident, Defendants' wrongful conduct, and Mr. Alexander's operation of the Hilo.

30. Express has been damaged in the amount of $389,816.60 as a result of the Incident, Defendants' negligence, and Mr. Alexander's use of the Hilo.

31. As a result of the special relationship between Express and Defendants regarding the employment of Mr. Alexander, Defendants owe an indemnity obligation to Express to remit the amounts Express paid to Mr. Alexander that resulted from the Incident, Defendants' wrongful conduct, and Mr. Alexander's use of the Hilo.

32. Express and Defendants had an implied agreement of indemnity relating to the allocation of responsibility for the amounts Express paid to Mr. Alexander as a result of the Incident, Defendant's wrongful conduct, and Mr. Alexander's operation of the Hilo.

WHEREFORE, Plaintiff, Express Services, Inc., prays for judgment against the Defendants, GRW Technologies, Inc., and IWIS Mechatronics, Inc., in an amount in excess of $389,816.60, together with costs, interest at the rate(s) provided by law, and for such other relief as the Court deems Express to be entitled.

Respectfully submitted this _____ day of October, 2025.

Anne W. Mabbitt (P71508)
MABBITT BHIMANI LAW
2851 Charlevoix Dr. SE, Ste. 301
Grand Rapids, MI 49546
616.290.1200
amabbitt@mabbittlaw.com
*Local Counsel for Plaintiffs*

-and-

Russell C. Lissuzzo, III, OBA No. 33221
To be admitted *pro hac vice*
Russell C. Lissuzzo, III, PLLC
629 W. Main Street
Oklahoma City, OK 73102
405.226.5103
russell@lissuzzolaw.com
*Attorneys for Plaintiff*